Civilian pay; dismissal; acceptance of meals and entertainment; scope of review of administrative action; penalty v. offense. — On May 9, 1980 the court entered the following order:
Alexander Younger, with whom was Assistant Attorney General Alice Daniel, for defendant.
Before Davis, Judge, Presiding, Kashiwa and Smith, Judges.
This case comes before us on cross motions for summary judgment. After considering the briefs and oral argument, we hold for defendant.
In July 1977, plaintiff was employed as a GS-15 Supervisory Computer Systems Analyst with the Department of Health, Education and Welfare (HEW). Plaintiff was notified by a letter dated July 29, 1977, of his proposed removal for cause based upon: (1) acceptance of meals and entertainment from a contractor with whom he had an ongoing official relationship, and (2) submission of false travel vouchers claiming reimbursement for meals and entertainment paid for by the contractor.[1]
The contractor involved was On Line Systems, Inc. (On Line). On Line had a contract with defendant to improve the administration of the Guaranteed Student Loan Program, specifically involving the development of a data management system permitting more effective control by HEW over the disbursement of Guaranteed Student Loan funds. The contract was awarded to On Line on June 27, 1975, in the original amount of $998,000. The contract price thereafter was modified three times to a final amount of $2,680,000. Plaintiff was designated as project officer.
The charge of acceptance of free meals and entertainment from On Line relates to two time frames. The first includes a seven-month period prior to the contract award (November 1974 to June 1975), and the second a 21-month period during contract performance (July 1975 to April 1977). Specifically, plaintiff was charged with accepting free meals and entertainment from On Line 18 times prior to the contract award, with a value of $210. During contract performance plaintiff is charged with accepting meals and entertainment paid for by On Line employees on 199 *620 occasions, with a total value of $3,247. For both periods the total was $3,457. In support of the charges, the record lists the occasions plaintiff accepted the meals and entertainment and copies of documents which memorialized them.[2]
The alleged acceptance of the meals and entertainment from a contractor whose performance he oversaw as project director was asserted to be in violation of 45 C.F.R. §§ 73.735-101, 73.735-301, and 73.735-305.
This case was heard before an HEW Employee Appeals Examiner. The Examiner recommended that plaintiffs proposed removal be effected. The Examiner also found the evidence supported the charges as to 12 of the 18 meals allegedly accepted in the preaward period, and it supported 149 of the 199 meals and entertainment allegedly accepted during the period of contract performance.
By letter dated December 1, 1977, the Commissioner of Education notified plaintiff that he had decided plaintiff was to be removed effective December 16, 1977. Thereupon, plaintiff was removed. Plaintiff appealed his removal to the Civil Service Commission (the Commission).
On September 8, 1978, the Commission affirmed the agency’s removal action. It was found that "the preponderance of credible evidence shows that [plaintiff] frequently dined with members of the public with whom he had official relations and that in doing so he permitted them to incur the cost of his meals.”
Plaintiff seeks relief in this court from the adverse determinations below. Our review of such administrative fact finding is limited to determining whether substantial evidence supports the determination. E.g., Jones v. United States, 223 Ct.Cl. 138, 617 F.2d 233 (1980); Boyce v. United States, 211 Ct. Cl. 57, 543 F. 2d 1290 (1976).
Defendant presented well-documented proof which two administrative proceedings found established that plaintiff had accepted significant amounts of meals and entertainment. Plaintiff has not presented any evidence which controverts such findings of the two prior determinations.
*621 In our recent case of Jones v. United States, supra, we held, regarding a Department of Agriculture regulation dealing with gifts, entertainment, and favors (7 C.F.R. § 0.735-12(a) (1979)), as applied to a federal meat inspector, removal was proper merely upon plaintiffs acceptance of a single bottle of whiskey from the owner of the meat packing plant in which the plaintiff worked. See also Heffron v. United States, 186 Ct. Cl. 474, 405 F. 2d 1307 (1969) (acceptance of a case of whiskey from a contractor which plaintiff regulated was sufficient to establish a violation of a gratuity regulation and to justify dismissal). As such, we feel plaintiffs conduct in the instant case constitutes the acceptance of a "gift, gratuity, favor, entertainment, loan or any other thing of value” prohibited by 45 C.F.R. §73.735-301(a) and warrants plaintiffs removal.
In addition, the record clearly supports a determination that there is substantial evidence to support the agency’s action. Plaintiffs action is plainly in violation of the cited provisions of HEW’s Standards of Conduct.
Plaintiff also contends HEW should have exercised its discretion in favor of other "available forms of punishment [which] would have prevented dismissal and still protect the Government.” In this regard, plaintiff recites other sanctions enumerated in 45 C.F.R. § 73.735-1101: oral punishment, written reprimand, reassignment, and demotion. Plaintiff avers his conduct caused no injury to HEW, citing the fact that On Line is still a contractor with HEW and that On Line’s performance under the contract produced exemplary results for the student loan program.
In Giles v. United States, 213 Ct. Cl. 602, 608, 553 F. 2d 647, 650-651 (1977), we held that deference would be accorded the administrative judgment regarding corrective action:
* * * unless its severity appears totally unwarranted in light of such factors as the range of permissible punishment specified by statute or regulation, the disciplined party’s job level and nature, his record of past performance, the connection between his job and the improper conduct charged, and the strength of the proof that the conduct occurred.
*622 Applying these factors to the instant facts, we find the punishment of "separation” is expressly authorized by regulation, 45 C.F.R. § 73.735-1101(b)(6). Plaintiff had a GS-15 job level and his position of project officer placed him in a position of substantial trust and responsibility for the administration of a $2,680,000 contract. We feel plaintiffs conduct gave rise to the appearance of improper influence and undermined public confidence in the Government. The wrong-doings plaintiff was involved in were repeated and not trivial; thus, plaintiffs removal was justified.
it is therefore ordered that plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.

 The HEW Employee Appeals Examiner did not sustain the charge of falsification of travel vouchers, and such charge is not in issue before the court.

 For example, plaintiff attended a $78.35 luncheon with one On Line employee of which plaintiffs pro rata share was $39.17; a $124.90 dinner of which plaintiffs pro rata share was $62.45, etc.